```
David N. Chandler, Sr.   SBN 60780
David N. Chandler, Jr.   SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331

Attorneys for Debtor
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>PROWEST MEDIA CORPORATION,<br><br>    Debtor.            / | CASE No. 10-12153<br><br>CHAPTER 11<br><br>MOTION FOR PROTECTIVE ORDER; DECLARATION OF DAVID N. CHANDLER; MEMORANDUM OF POINTS AND AUTHORITIES<br>Date:  October 1, 2010<br>Time:  9:00 a.m.<br>Place: 99 South E St.<br>         Santa Rosa, CA |

TO: HONORABLE ALAN JAROSLOVSKY, UNITED STATES BANKRUPTCY JUDGE:

PROWEST MEDIA CORPORATION, Debtor herein, hereby moves the above entitled Court for a Protective Order relating to the Order of Examination entered August 27, 2010 on the grounds that the Order is overbroad overreaching and exceeds the scope of Rule 2004.

The Motion is made on the grounds that the creditor is (1) attempting to utilize Rule 2004 to circumvent a pending civil action brought by the creditor to foreclose on the collateral; and (2) the scope of the Order exceeds the specific provisions of Rule 2004.

Said Motion is made and based hereon, on the appended Declaration of David N. Chandler and the Memorandum of Points and Authorities, and on the pleadings and records on file herein.

Dated:    9/3/10                              DAVID N. CHANDLER, p.c.

                                              By: */s/ David N. Chandler*
                                              DAVID N. CHANDLER,
                                              Attorney for Debtor

DECLARATION OF DAVID N. CHANDLER

I, David N. Chandler, declare and say:

1. That if called as a witness, I am competent to testify to the within matters from my own knowledge.

2. That I am attorney for the Debtor in the above captioned matter and attorney for the Plaintiff in A.P. No. 10-1080.

3. The said Adversary Proceeding is a proceeding brought to determine the extent and value of the lien pursuant to 11 U.S.C. Section 506. There is a dispute as to the breadth of the security interest held by Jim French Studio.

4. Discovery has not been propounded in said Adversary Proceeding by either party.

5. Pending in San Francisco Superior Court is Case No. CGC 09-487213, entitled "<u>Jim French Studios v. ProWest</u>". In said case, the secured creditor is attempting to foreclose its security interest in the collateral which the creditor is seeking to sequester by manipulation of Rule 2004.

6. The Debtor has pending in the Superior Court case, a cross complaint based upon the failure of Jim French Studio to deliver a substantial portion of the images which it was contractually obligated to deliver upon close of the sale.

7. Jim French Studio obtained an Order for Relief from Stay to foreclose its security interest in the collateral. Rather than bringing the matter to trial in the Superior Court, the creditor proposes to descend on the Debtor and conduct a search of the premises under the guise of FRBP Rule 2004.

8. The Debtor does not oppose producing the documents requested so far as same can be ascertained from the description

provided. The electronic records will be produced as well.

9. The creditor proposes to conduct a search of the business premises and residence of Debtor's officers and a storage facility maintained by the Debtor. The Order does not provide who may enter and the extent of the search or even what is being searched for.

10. A Rule 2004 Order is available for testimony and documents. Debtor does not oppose providing testimony and documents.

Executed under penalty of perjury this 3rd day of September, 2010 at Santa Rosa, California.

                                            */s/David N. Chandler*
                                            David N. Chandler
                                            Attorney for Debtor

MEMORANDUM OF POINTS AND AUTHORITIES

1. Federal Rules of Bankruptcy Procedure Rule 2004(a) provides that the Court, on motion of any party, may order the examination of any entity. Subsection (c) makes provision for compelling attendance at such examination and production of documents. The Rule makes no provision for a search to be conducted of premises under the debtor's direction or control. The Order exceeds the Rule.

2. Inspection of premises is available under FRCP and the CCP where the premises are relevant or will likely lead to admissible evidence in the proceeding or contested matter. Here, the secured creditor seeks to conduct a house to house search presumably for its collateral. There is no authority provided or available upon which such a search could be authorized under Rule 2004.

3. Rule 2004 is not available as to any issue for which the

FRCP is applicable based upon a pending contested proceeding. The secured creditor has set forth no authority for conducting a search of the premises under any rule, but submits the Motion as if the inspection is to be of "premises" rather than contents.

4. While the scope of Rule 2004 is broad, it cannot be used to harass, abuse or inquire as to irrelevant matters. See, <u>In re Lufkin</u>, 255 B.R. 204 (Bktcy. E.D.Tenn, 2000). The scope is set forth in Rule 2004(b).

5. Since the Debtor has leased the premises, perhaps a walk through inspection under specific restrictions would be appropriate for the general appraisement of the premises. The creditor will urge the Court that it is entitled under this Order to copy hard drives, review files, inspect contents of storage containers and files, look under the beds and otherwise inspect the contents of the premises at its will. FRBP Rule 2004 does not provide for such a search of the premises.

Dated: 9/3/10

Respectfully submitted,

DAVID N. CHANDLER, p.c.

By: */s/ David N. Chandler*
DAVID N. CHANDLER,
Attorney for Debtor