MacCONAGHY & BARNIER, PLC
JOHN H. MacCONAGHY, State Bar No. 83684
645 First St. West
Sonoma, California 95476
Telephone: (707) 935-3205
Facsimile: (707) 935-7051
Email: macclaw@macbarlaw.com

Attorneys for Secured Creditor
JIM FRENCH STUDIOS, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | |
| ) | Case No. 10-12153 |
| PROWEST MEDIA CORPORATION, ) | (Chapter 11) |
| ) | |
| Debtor. ) | **MOTION TO CONVERT** |
| _____ ) | **CASE TO CHAPTER 7** |

Date: 10/08/10
Time: 9:00 a.m.
Santa Rosa Courtroom

The motion of the Secured Creditor Jim French Studios, Inc., respectfully represents:

<u>JURISDICTIONAL STATEMENT</u>

1. On June 3, 2010, the debtor Prowest Media Corporation filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the above-entitled Court. It remains a debtor in possession. This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. Sections 157 and 1334.

<u>RELIEF REQUESTED</u>

2. By this Motion, Movant seeks conversion of this case to a case under Chapter 7 of the Bankruptcy Code pursuant to 11 U.S.C. Section 1112.

MOTION TO CONVERT CASE TO CHAPTER 7 [6015.MCC7] PAGE 1
Case 10-12153 Doc# 54 Filed: 09/17/10 Entered: 09/17/10 20:41:07 Page 1 of 4

## FACTUAL AND PROCEDURAL BACKGROUND

3. Movant Jim French Studios Inc is the holder of a claim the principal amount of $1,242,198.00, plus interest as of June 13, 2010, at the rate of 7% per annum in the amount of $115,541.46, plus late charges and collection costs. The claim is duly secured by substantially all assets of the Debtor's Estate and perfected by a UCC-1 Financing Lien, as is more fully documented in the "Ominbus Declaration of Jim French in Support of Secured Creditor's Remedies" on file herein. The Debtor contends that Movant is substantially under-secured, and Movant agrees.

4. The Debtor is a California corporation wholly owned by John Rutherford and Thomas R. Settle, who are its sole officers and directors. On May 28, 2010, Messrs. Rutherford and Settle each filed their own "no asset" Chapter 7 bankruptcy cases with this Court, Case Nos. 10-12044 and 10-12045.

5. The principal assets of this Estate is a male adult-content internet business operating under the brand names "Colt", "Colt Studios", "Buckshot" and others. The Debtor purchased this business from Movant in the year 2003 and gave Movant a purchase money security interest in the assets, specifically including the brands and their proceeds. Movant is informed and believes that the Debtor has created new content since the purchase, but exclusively markets it under the "Colt" brand and trademarks in which Movant retains a security interest.

6. On August 12, 2010, the Court granted Movant's Motion for Relief from Stay to foreclose its securitiy interest after a contested evidentiary hearing. At that time the Court concluded that (1) the Debtor had no equity in Movant's collateral and (2) the Debtor could not effectively reorganize. Since August 12, the Debtor has refused to turn over Movant's collateral and has refused to permit Movant to inspect same. Also on August 12, the Court denied the Debtor's Motion for Use of Cash Collateral.

///

## GROUNDS FOR RELIEF

7. "Cause" exists for conversion of this case to Chapter 7 as the term is defined by Bankruptcy Code Section 1112(b)(1). Under the BAPCPA amendments to the Code, where there is "cause", the court "..shall..." convert the case to Chapter 7 "...absent unusual circumstances specifically identified by the court that the requested conversion or dismissal is not in the best interests of creditors and the estate...." Section 1112(b)(2) further provides that even if the Debtor establishes these "unusual circumstances" the Debtor must establish that there is "...a reasonable likelihood that a plan will be confirmed... within a reasonable period of time."

8. No useful purpose will be served by maintaining the case is Chapter 11. As the Court has already concluded, the confirmation of a Chapter 11 Plan by the Debtor is not practical or feasible, and there is no reasonable likelihood of rehabilitation.

9. "Cause" exists for conversion of the case to Chapter 7, as is specifically defined by Section 1112(b)(4)(A) ["substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation"]. The Monthly Operating Reports filed by the Debtor show ongoing losses. More importantly, the Court has already concluded that the Debtor cannot effectively reorganize because (1) it owes unpaid prepetition taxes of approximately $600,000 and there is no way that it can pay those taxes with in the time required by Section 1129(a) and (2) it is purporting to fund its Plan through a $100,000 contribution from an LLC owned by Messrs. Rutherford and Settle named Bouledoge, LLC, which LLC they scheduled as having a value of ZERO in their respective personal chapter 11s. Further, since it is undisputed that Movant is undersecured by approximately $1,000,000 (at least), Movant controls the voting of the unsecured class of creditors in connection with any Plan under the Ninth Circuit case of *In re Barakat* 99 F.3d 1520 (9th Cir. 1996). .

9. "Cause" exists for conversion of the case to Chapter 7, as is specifically defined by Section 1112(b)(4)(D) ["unauthorized use of cash collateral substantially harmful to 1 or more creditors"] Between the filing date of June 3, 2010, and June 18, 2010, the Debtor used

1    cash collateral without Court authority or the agreement of Movant. It was only after repeated

2    email demands by Movant's counsel that the Debtor even filed a Motion to Use Cash Collateral.

3    Then the Court issued various interim orders restricting direct payments to Messrs. Settle and

4    Rutherford, and further restricting their ability to pay their personal rent of $5450 per month on

5    the wine country mansion in which they reside. Messrs Settle and Rutherford violated those

6    interim orders, as was demonstrated on August 12 through examination of the checking account

7    statements attached to their June and July Monthly Operating Reports. Movant is informed and

8    believes that they have continued to use its cash collateral even after the Court denied any

9    further use of cash collateral at the hearing on August 12.

10    10.    "Cause" exists for conversion of the case to Chapter 7, as is specifically defined

11    by Section 1112(b)(4)(E) ["failure to comply with an order of the court"]. In addition to

12    violating the cash collateral orders noted above, the Debtor (1) failed or refused to open a

13    Debtor-in-possession account (at least as of July 31, 2010, the last monthy operating report on

14    file) and (2) as was demonstrated by the June Monthly Operating Report at the hearing on

15    August 12, 2010, paid an unauthorized post-petition retainer in the amount of $25,000 to

16    Debtor's counsel.

17    11.    There are no "unusual circumstances" warranting the maintenance of this case in

18    Chapter 11.

19    WHEREFORE, the Secured Creditor prays that the Court enter its order converting this

20    case to Chapter 7 and for such other and further relief as the Court deems proper.

21    Dated: September 17, 2010

22                               /s/ John H. MacConaghy
                                   John H. MacConaghy,

23                               *Attorneys for Secured Creditor,*
                                  *Jim French Studios, Inc.*

24

25

26