```
David N. Chandler, Sr.   SBN 60780
David N. Chandler, Jr.   SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331

Attorneys for Debtor
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | CASE No. 10-12153 |
| | CHAPTER 11 |
| PROWEST MEDIA CORPORATION, | |
| Debtor.                    / | OPPOSITION TO MOTION TO CONVERT<br>Date:  October 8, 2010<br>Time:  9:00 a.m.<br>Place: 99 South E St.<br>       Santa Rosa, CA |

PROWEST MEDIA CORPORATION, Debtor herein, opposes the Motion of Jim French Studios, Inc. as follows:

1.  The Motion contains six separate paragraphs of factual allegations which are unsworn except for the characterization the sworn Declaration of Jim French as to the extent of the security interest of Jim French Studios.

2.  The Motion fails to mention the fact that the extent of the security interest of Jim French Studios is the subject of A.P. No. 10-1080 which is currently pending and has not been adjudicated. Similarly, there is no mention of the fact that Jim French is frantically attempting to foreclose on the collateral by directing of payment due Debtor including that not related to Jim French collateral to Jim French thereby reducing reportable cash flow.

3.  The collateral of Jim French Studio is primarily intangible, consisting of a trade name, and *images* purchased by the

Debtor from Jim French's predecessor. Debtor's primary business has evolved with changes in the economy and market to operation of a website which displays images, a portion of which are collateral and uses the trade name which is collateral.

4. The moving party directs the Court's attention to two checks written pre-petition which actually cleared the Debtor's account post petition. From that it is concluded that cash collateral was misused.

5. Receipts of the Debtor are not cash collateral until the Order for Relief is entered. The clearing of the checks post petition resulted in an avoidable post petition transfer subject to preservation for the estate, not the benefit of the secured creditor.

6. A Debtor's delay in establishing a DIP account does not necessarily fall on the debtor as financial institutions are notoriously inept in authorizing and establishing the DIP accounts. A bank will not establish a DIP account without a case number. It is not clear how, in a practical sense, this can occur simultaneous.

7. Mr. MacConaghy could not possibly be serious when he characterizes the payment of rent on the real property as "the wine country mansion in which they [principles] reside". He is fully aware that the business operation was moved from far more expensive studios in San Francisco to the subject property. Currently, photographs and movies are shot on site and the office and storage is on site. The cost savings were significant in making the move. The extravagance of a "wine country mansion" may be appealing for argument purposes, by a far stretch of the truth. Perhaps following his personal visit to the "mansion" pursuant to FRBP Rule 2004, his

1 argument will be modified.

2     8. In connection with the Motion of Jim French Studio for
3 Relief from Stay, this court found (1) that Debtor had no equity in
4 the collateral (without finding what the collateral consisted of),
5 and (2) that there was not a reorganization in prospect.

6     The Court considered the priority tax liability, the secured
7 claim of Jim French Studio, and the projected income of the Debtor.
8 The Court did not calculate the numbers. The Debtor actually can
9 pay the priority claim in 72 monthly installments except as to any
10 secured portion and that portion can be termed longer.

11     In the interim, Jim French Studio, has filed a Proof of Claim
12 in which it values its collateral at $500,000. The Debtor is in
13 discussions to raise that amount, or a similar amount, in cash and
14 is confident that it will be able to do so in conjunction with its
15 Plan. The motion was filed even though Jim French Studio has been
16 involved with the discussions. Conversion of the case would result
17 in no further discussions. The motivation for the motion to advance
18 the discussions in the direction of Jim French Studio is all too
19 obvious.

20     9. Jim French Studio has now twice employed the process of
21 this Court to advance its position with respect to its secured claim
22 to the detriment of priority creditors and unsecured creditors, of
23 which it now contends, it is one.

24     10. In the meantime, it is patently obvious that should this
25 Debtor cease business, Jim French Studio will be entitled to the
26 collateral and receive no distribution on account of either claim.
27 Conversion is but a tactic to (1) gain advantage in the negotiations
28 which will lead to confirmation of a plan and/or (2) misuse the

judicial process to gain advantage in his effort to foreclose on problematic collateral.

    WHEREFORE, Debtor prays that the Motion be denied, for an evidentiary hearing, and for such other and further relief as the Court deems just and proper.

Dated: 10/1/10                                           DAVID N. CHANDLER, p.c.

                                                                                  By: */s/ David N. Chandler*
                                                                                  DAVID N. CHANDLER,
                                                                                  Attorney for Debtor