MacCONAGHY & BARNIER, PLC
JOHN H. MacCONAGHY, SBN 83684
JEAN BARNIER, SBN 231683
MONIQUE JEWETT-BREWSTER, SBN 217792
645 First St. West, Suite D
Sonoma, California 95476
Telephone: (707) 935-3205
Facsimile: (707) 935-7051
Email: macclaw@macbarlaw.com

Attorneys for Secured Creditor
JIM FRENCH STUDIOS, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PROWEST MEDIA CORPORATION,

Debtor.

Case No. 10-12153-AJ
(Chapter 11)

**DECLARATION OF JOHN H. MacCONAGHY IN SUPPORT OF CONDITIONAL OPPOSITION OF JIM FRENCH STUDIOS, INC. TO DEBTOR'S MOTION FOR AUTHORITY TO PAY POST PETITION RETAINER**

Hearing Date: 11/12/2010
Time: 10:00 a.m.
Santa Rosa Courtroom

I, John H. MacConaghy, state:

1. I am an attorney admitted to the bar of this Court and am counsel or record for the Secured Creditor Jim French Studios, Inc. in this matter.

2. Attached to this Declaration and labeled Exhibit 1 is a correct copy of the collateral description of my client's security interest in the assets of the Debtor.

3. Following the Court's "Order Modifying Automatic Stay" and "Order Denying Motion for Use of Cash Collateral" the Debtor refused to surrender any of my client's collateral.

4. Attached to this Declaration and labeled Exhibit 2 is a correct copy of the

[9630.djmoppretaomer]
PAGE 1

Transcript of the October 22, 2010, hearing on my client's Motion to Convert Case to Chapter 7.

5. Prior to the October 22, 2010 hearing, and on or about August 27, 2010, I caused to be served on the Debtor an Order for Examination Pursuant to Rule 2004. Among other things, this Order requested production of "All check registers, disbursement journals, payment ledgers, bank statements, cancelled checks, and documents concerning ACH transfers by the Debtor for the period from May 1, 2010 through August 31, 2010;"

6. The Debtor initially refused to produce any of these documents and instead filed a Motion for a Protective Order. After the Debtor filed a Motion for Protective Order, Mr. Chandler ultimately agreed with me that the Debtor would produce these documents for inspection at its place of business in Sonoma, CA on Wednesday, October 20, prior to the October 22 hearing. I appeared with a representative of the Debtor at that time, but the documents were not produced. The Debtor's co-principal Mr. Rutherford angrily informed us that Mr. Chandler had advised him that the inspection was to be a "walk through" only.

7. At the October 22 hearing, as is set forth on Exhibit 2, Mr. Chandler advised the Court that there was a "mix up" as to the documents and that they would be promptly produced. I agreed that they could be produced by Monday, October 25, based on the understanding that I would receive a comprehensive production.

8. The Debtor's co-principal Mr. Settle hand delivered a number of documents to my office on October 25. There were no cancelled checks included in the production. There was no evidence of sequestration of cash collateral included in the document production.

9. The Debtor did produce a payment ledger from its DIP Account covering the period from June 14, 2010 through August 31, 2010. (The Debtor did not produce any requested ledgers or disbursement journals showing the initial post petition period of June 3 through June 14.) The payment ledger produced by the Debtor shows expenditures of $42,853.00 for the period between June 14 and August 31 that likely represent misappropriation of my client's cash collateral. I have prepared a spreedsheet of these expenditures which is attached to this

1 declaration and labeled Exhibit 3.

2     10.     The payee "Bouledoge, LLC", which received about one half of these disbursements, is an LLC wholly owned by Messers Settle and Rutherford and scheduled on their own personal bankruptcy filings as having a value of "50.00". The payee Sandra Powell, who received $5,450.00 on August 6 is particularly troubling. According to the Schedule Gs filed in Messrs. Rutherford and Settle's personal bankruptcy cases [Case Nos. 10-12044 and 10-12044] Ms. Powell is the landlord of Messrs Rutherford's and Settle's personal residence, for which they pay rent of $5450 per month. Since the filing of this case, my client has strenuously objected to the use of its cash collateral to pay this rental obligation.

    11.     As is reflected by the Court's minute orders shown on the Docket for June 18, 2010 and July 8, 2010, the Court ruled "Only expenses to be paid must be absolutely necessary pending final hearing. **No payments for rent,** printing **or to insiders..."** Yet the Debtor went ahead and paid the personal rent of Messrs. Settle and Rutherford on August 6, 2010, as well as the numerous payments to the "insider" Bouledoge, LLC."

    12.     Based on the foregoing, my client does not consent to the further use of its cash collateral to pay a post-petition retainer.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct and that this declaration is executed on November 8, 2010 at Sonoma, California.

                                                /s/ John H. MacConaghy
                                                John H. MacConaghy